24 C.C.P.A.(Patents)

### In re BAURIEDEL et al.

### Patent Appeal No. 3680.

Court of Customs and Patent Appeals.
Nov. 30, 1936.

Thomas H. Byron, of Elizabethton, Tenn. (Francis B. Leech, of Washington, D. C., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner rejecting, in view of the prior art, claims 20, 21, and 22 of appellants' application. Certain claims have been allowed.

Claims 20 and 21 are illustrative and read as follows:

"20. In a device for supplying spinning solution to a plurality of nozzles, a supply pipe for spinning solution, a pump for forcing the spinning solution to be used through said pipe, a spinning pipe to receive said solution, said supply pipe and said spinning pipe having means for communicating one with the other, a series of spinning units supplied from said spinning pipe, and retarding means positioned between said supply pipe and said spinning units to retard the flow of spinning liquid.

"21. In a device for supplying spinning solution to a plurality of nozzles, a supply pipe for spinning solution, a pump· for forcing the spinning solution to be used through said pipe, a spinning pipe to receive said solution, branch pipes connecting said supply pipe and said spinning pipe, said spinning pipe supplying a series of spinning units, and retarding nozzles inserted in said branch pipes, whereby the liquid fed to said spinning pipe may be of uniform mixture."

The references cited are: De Chardonnet, 460,629, October 6, 1891; Gailor, 932,116, August 24, 1909; Gailor, 1,038,340, September 10, 1912; Lunge, 1,672,070, June 5, 1928.

The application embraces an apparatus for supplying spinning solution to artificial silk spinning machines, and the purpose of appellants' device is to provide a means for insuring uniformity of feed of the spinning solution to the spinning units. Appellants contend that it is novel and inventive to provide retarding means positioned between the supply pipe and spinning units to retard the flow of the spinning liquid.

In view of the conclusion which we have reached, it is necessary to discuss only the patent to Lunge. This patent states that the object of the inventor "is to ensure that the product delivered from a series of nozzles, is substantially uniform, irrespective of the distance of any particular nozzle from the supply pipe." It thus appears that appellants and Lunge had a common object. The patent to Lunge discloses a pumping device having a supply pipe for spinning solution, another pipe to receive the solution, these two pipes having means for communicating one with the other, a series of spinning nozzles connected with said second pipe, and a valve located between said supply pipe and the spinning nozzles adapted to retard the flow of the spinning solution through said spinning nozzles. It is clear that the pipe with which the spinning nozzles are connected is comparable to the "spinning pipe" set forth in claim 20 of appellants' application.

While it is true that, as shown in the Lunge specification, the supply pipe and the second pipe above described are contained within the pump device itself, the patent states as follows:

"Whilst a specific construction of pumping device has been described and illustrated, it will be appreciated that the invention is not limited to this form, nor even to forms in which the closed ring or circuit aforesaid is constituted by passages provided in the bodies of the pumps, for it can be equally well used in the form of separate piping. * * *"

It is our opinion that all of the elements embraced in claim 20 are found in the patent to Lunge, and were employed by him for the same purpose that said elements have, as set out in claim 20. In other words, claim 20 is so broad as to read directly upon Lunge. We must pass upon the claims that are before us, and we have no doubt that the Patent Office tribunals came to the right conclusion as to claim 20.

With respect to claims 21 and 22 the Examiner in his statement said:

"Claim 20 is regarded as the only generic claim to the two modifications illustrated. Since this claim stands rejected, the applicant has been required to cancel claims 21 and 22 reading only on the species illustrated in Figure 1, since he has already made an election by prosecution to the species illustrated in Figures 2 and 3 represented by claims 14, 15, 16 and 23. Rule 41; Ex parte Barnes, 1905 C.D. 65; Ex parte McKillop, 1919 C.D. 125. This requirement has been approved by the Examiner of Classification provided no generic claim is found allowable."

The Board of Appeals in its decision stated:

"The examiner has noted that claims 21 and 22 could not be allowed in this application if the broad claim 20 were refused."

Upon the oral hearing, appellants' counsel conceded that if claim 20 is not allowable, it being a generic claim, claims 21 and 22 were properly rejected for the reasons stated by the Examiner. Therefore, said last-named claims require no discussion.

The decision of the Board of Appeals is affirmed.

Affirmed.